IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STANLEY GODBOLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-121 |
| | ) | |
| BRIAN OWENS, Commissioner, Georgia Department of Corrections, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at Colquitt County Prison, in Moultrie, Georgia, brought the above-captioned petition pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

Petitioner was indicted for burglary, armed robbery, and possession of a firearm during commission of a crime by a grand jury sitting in Richmond County on July 25, 2006. (Doc. no. 10, Ex. 3, p. 1.) With the advice of counsel, Petitioner plead guilty to robbery by force and possession of a firearm during commission of a crime on March 23, 2007, in the Superior Court of Richmond County, and was sentenced to fifteen years, ten to be served in confinement. (Id.) On October 10, 2007, Petitioner filed a state habeas corpus petition in the Superior Court of Screven County. (Doc. no. 20, Ex. 1.) Petitioner raised four grounds

including violations of his due process rights during his extradition from Virginia to Georgia, that his extradition was improper, that he received ineffective assistance of counsel, and that his *pro se* motions challenging his arrest were not accepted by the court. (Id. at 4.) Petitioner then filed a motion to withdraw his state habeas petition without prejudice on February 29, 2008. (Id. at 11.) Petitioner withdrew his petition due to his transfer to Montgomery State Prison. (Doc. no. 10, Ex. 1, pp. 2-3; doc. no. 16, p.1.)

On April 4, 2008, Petitioner filed a second state habeas corpus petition, this time in the Superior Court of Montgomery County. (Doc. no. 10, Ex. 1, p. 1.) Petitioner raised the following grounds for relief in his second state habeas petition:

(1) His due process rights were violated when he was arrested in Virginia and extradited to Georgia because he was not provided with a lawyer at his extradition hearing.

(2) His due process rights were violated when he was not given an opportunity to challenge his arrest warrant and extradition by filing a petition for writ of habeas corpus.

(3) His arrest in Virginia was invalid because he was arrested on invalid warrants.

(4) His rights were violated when Assistant District Attorney Ashley Wright approved his extradition from Virginia to Georgia.

(5) His appointed counsel provided ineffective assistance by failing to request a commitment hearing and a preliminary hearing, and by allowing the prosecution to deny Petitioner's challenge to his arrest by filing a petition for habeas corpus.

(6) His appointed counsel provided ineffective assistance by failing to communicate with Petitioner about his case.

(7) His retained counsel provided ineffective assistance by failing to obtain information from the State to allow Petitioner to knowingly and intelligently plead guilty.

2

> (8) His retained counsel provided ineffective assistance by failing to file a claim
> of ineffective assistance against Petitioner's appointed counsel.

(Id. at Ex. 1, pp. 4-6; Ex. 3, pp. 2, 6-7.) Petitioner's state habeas corpus claims were denied on April 22, 2010. (Id. at Ex. 3, p. 9.) The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on September 8, 2009. (Id. at Ex. 2.)

Petitioner then timely filed the above-captioned petition, in which he raises the following four grounds for relief:

> (1) His arrest and extradition from Virginia to Georgia was unlawful due to invalid extradition warrants.
>
> (2) His due process rights were violated when Petitioner was extradited from Virginia to Georgia because he had stated at his extradition hearing that he wanted to contest the extradition warrants, but that request was denied.
>
> (3) His appointed counsel provided ineffective assistance by allowing Petitioner to be indicted without a preliminary hearing.
>
> (4) His retained counsel provided ineffective assistance by failing to investigate Petitioner's case and by advising Petitioner to plead guilty without having the facts of the case.

(Doc. no. 1, pp. 5-6.) Respondent submits that Petitioner is not entitled to relief on his asserted claims. (Doc. no. 19.)

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an

3

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in Brown v. Payton, 544 U.S. 133 (2005). The Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> [The] AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. at 141 (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). In sum, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA sets a highly deferential standard of review for state court factual determinations. The AEDPA "requires federal habeas courts to presume the

4

correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007) (quoting 28 U.S.C. § 2254(e)(1)); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Thus, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000). If the record provides any support for a state court's factual findings, this Court may not set aside those findings unless and until they are rebutted by clear and convincing evidence. Crawford, 311 F.3d at 1317.

## III. DISCUSSION

### A. Grounds One, Two and Three Were Waived

Ground One and Ground Two present arguments based on the validity of Petitioner's extradition from Virginia to Georgia. (Doc. no. 1, p. 5.) Petitioner argues in Ground One that he was arrested and extradited on the basis of invalid extradition warrants. (Id.) In Ground Two, Petitioner alleges that his due process rights were violated by his extradition because he stated at his extradition hearing that he wanted to challenge the extradition warrant, but he was denied the chance to do so. (Id.) In Ground Three, Petitioner claims ineffectiveness of counsel against his appointed counsel, Jack Boone, for failing to arrange a preliminary hearing before Petitioner was indicted. (Id.)

Under United States v. Broce, 488 U.S. 563 (1989), these three claims were waived

by Petitioner's valid guilty plea. To be considered valid, a guilty plea must be entered into intelligently and voluntarily. Boykin v. Alabama, 395 U.S. 238, 242 (1969). Additionally,

> While the court taking a defendant's plea is responsible for ensuring "a record adequate for any review that may be later sought," Boykin v. Alabama, 395 U.S.238, 244 (1969), we have never held that the judge must himself explain the elements of each charge to the defendant on the record. Rather the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were *explained to the defendant by his own, competent counsel.*

Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (emphasis added) (citations omitted).

Using the transcript of the plea/sentencing hearing from the court of conviction, as well as the testimony of Petitioner's retained counsel, Travers Chance, from the transcript of the habeas hearing, the state habeas court determined that Plaintiff had entered the plea agreement freely and voluntarily. (Doc. no. 10, Ex. 3, p. 3) When asked at the plea/sentencing hearing if he was entering the plea agreement freely and voluntarily, Petitioner responded that he was. (Id. at Ex. 4, pp. 26-27.) Petitioner also indicated that he understood that he was pleading guilty to robbery and possession of a firearm during the commission of a crime. (Doc. no. 10, Ex. 3, p. 3; Ex. 4, p. 7.) At the plea/sentencing hearing, Petitioner was asked if he had been "threatened or intimidated or coerced in any way" into taking the guilty plea, and Petitioner stated that he had not. (Id. at Ex. 3, p. 3; Ex. 4, p. 27.) Petitioner also indicated that he understood the rights that he was waiving in entering the plea. (Id. at Ex. 3, p. 3; Ex. 4, p. 26.) The state habeas court also concluded that Mr. Chance had discussed the charges with Petitioner (id. at Ex. 3, p. 8). Additionally, the presiding judge at the plea/sentencing hearing read the charges alleged in the indictment as well as the charges under the plea agreement, and the assistant district attorney gave the

6

factual basis for the plea. (Id. at Ex. 4, pp. 23-24.) Only after hearing this information, did Petitioner enter a plea of guilty. (Id. at 29.) Petitioner also signed an Acknowledgment and Waiver of Rights form in which he answered several questions similar to the questions outlined above that were asked by the court of conviction at the plea/ sentencing hearing. (Id. at 28.)

Based on these factual findings, and by accurately applying Stumpf and Boykin, cited above, the state habeas court correctly concluded that Petitioner's guilty plea was valid. (Id. at Ex. 3, pp. 5-6.) Petitioner clearly acknowledged that he (1) understood the charges he was pleading guilty to, (2) understood the rights that he was waiving by pleading guilty, and (3) was not coerced into pleading guilty, but that he did so freely and voluntarily (doc. no. 10, Ex. 3, pp. 4-5; Ex. 4, pp. 25-27). See Stumpf, 545 U.S. at 183. Here, Petitioner has come forward with no evidence, much less clear and convincing evidence, see 28 U.S.C. § 2254(e)(1), that the state habeas court's factual findings were incorrect regarding his guilty plea. Nor were the state habeas court's conclusions unreasonable in light of the evidence before it. 28 U.S.C. § 2254(d)(2). In addition Petitioner has failed to show that any aspect of the state habeas court's decision was contrary to or involved an unreasonable application of federal law regarding the validity of Plaintiff's guilty plea. 28 U.S.C. § 2254(d)(1).

Because Petitioner's guilty plea was correctly found to be valid, the Court now turns to the types of claims that can be brought in the presence of a valid guilty plea. The range of claims that Petitioner may press in a federal petition are severely limited by a valid guilty plea.

> A plea of guilty and the ensuing conviction comprehend all of the
> factual and legal elements necessary to sustain a binding, final judgment of

> guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

Broce, 488 U.S. 563, 569 (1989). In other words, a guilty plea forecloses arguments that do not speak to the validity of the plea itself. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense . . . . , he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); see also Martin v. Kemp, 760 F.2d 1244, 1246-47 (11th Cir. 1985) ("A defendant who knowingly and voluntarily enters a plea of guilty waives all nonjurisdictional challenges to his conviction."). "Reviewing federal courts may set aside a state court guilty plea only for failure to satisfy due process." Finch v. Vaughn, 67 F.3d 909, 914 (11th Cir. 1995) (internal quotation omitted).

Petitioner's claims that he was extradited from Virginia on "invalid warrants," that he wanted to challenge the extradition warrants during his extradition hearing, but he was denied the chance, and that his appointed counsel was ineffective for failing to arrange for a preliminary hearing before Petitioner was indicted were considered and rejected by the state habeas court. (Doc. no. 10, Ex. 3, pp. 5-6.) Applying the decisions in Tollett and Broce, cited above, the state habeas court correctly held that any "independent claims relating to the deprivation of constitutional rights that occurred before [the] guilty plea" were "procedurally barred." (Id. at pp. 3, 5.) The state habeas court further stated that Petitioner could "only attack the voluntary nature of his plea and the advice he received from his attorney." (Id. at

4.) Finally, the state habeas court found that Plaintiff's three allegations discussed above did not relate to the validity of Plaintiff's guilty plea, and were therefore procedurally barred because Plaintiff failed to raise them before the entry of his guilty plea. (Id. at 5.)

The state habeas court determined that the record indicated that Mr. Chance discussed the extradition with the Petitioner, but was unaware of any basis on which to challenge the extradition. (Id. at 3.) Mr. Chance also stated that Petitioner did not ask him to challenge his arrest or extradition. (Id.) Furthermore, Petitioner was advised by Mr. Chance that Petitioner was waiving any procedural defects and any challenges to the warrants by entering a guilty plea. (Id.)

Based on these factual findings, the state habeas court was correct in concluding that both: (1) Petitioner's contention that he was extradited on invalid warrants; and (2) his claim that his due process rights were violated when he was not allowed to challenge the warrants at his extradition hearing, were procedurally barred by the entry of Petitioner's valid guilty plea. (Id.) Both claims relate to events in the underlying criminal case that occurred several months prior to the entry of Plaintiff's guilty plea, and neither claim raises any issue as to the validity of the plea. The state habeas court also correctly decided that Petitioner was barred from bringing a claim against his appointed counsel, Jack Boone, for failing to request a preliminary hearing. (Id. at 6.) This alleged failure by Mr. Boone occurred prior to the entry of Petitioner's guilty plea. (Id.) Additionally, Mr. Boone did not advise Petitioner regarding his guilty plea- that was done by Mr. Chance. (Id.) Since Mr. Boone did not advise Petitioner regarding his guilty plea, his actions as Petitioner's appointed counsel have no effect on the validity of Petitioner's guilty plea. Therefore, Petitioner is barred from bringing

9

a claim for ineffectiveness of counsel against Mr. Boone.

In sum, Petitioner has failed to cast any doubt upon the state habeas court's conclusion that his plea was valid and that his claims were therefore barred. Petitioner has come forward with no evidence, much less clear and convincing evidence, see 28 U.S.C. § 2254(e)(1), that the state habeas court's factual findings were incorrect regarding the nature of the above claims. Nor were the state habeas court's conclusions unreasonable in light of the evidence before it. 28 U.S.C. § 2254(d)(2). In addition Petitioner has failed to show that any aspect of the state habeas court's decision was contrary to or involved an unreasonable application of federal law regarding the barring of his claims by his valid guilty plea. 28 U.S.C. § 2254(d)(1). Thus, Petitioner is not entitled to relief on Grounds One, Two or Three.

### B. Ineffective Assistance of Retained Counsel

Petitioner argues in Ground Four that his retained counsel, Mr. Chance, who began representing Petitioner ten months after Petitioner's arrest, provided ineffective assistance. In particular, he contends that Mr. Chance was ineffective for failing to investigate Petitioner's case, and for advising Petitioner to plead guilty without having the facts. (Doc. no. 1, p. 6.)

Petitioner asserted this claim in his second state habeas petition, (doc. no. 10, Ex. 1, p. 5-6), and the state habeas court rejected the claim (Id. at Ex. 3, p. 8). Specifically applying the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), that court determined that Mr. Chance acted within the constitutional parameters of reasonableness in his representation of Petitioner. (See id. at pp. 7-9.)

As correctly noted by the state habeas court, ineffective assistance of counsel claims

are analyzed under the two-prong test set forth by the Supreme Court in Strickland v. Washington. To make out a claim of ineffective assistance of appellate counsel, Petitioner must first show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Second, he must show that he suffered such prejudice that, but for his counsel's errors, there is a reasonable probability that the results of the proceeding would have been different. Id. at 694. The facts of Strickland, however, are dissimilar from those presented here. Moreover, it cannot be said that the result reached by the state habeas court was contrary to clearly established federal law. Thus, the Court will focus its attention on whether the state habeas court unreasonably applied Strickland to the facts of this case. Bell v. Cone, 535 U.S. 685, 699 (2002) ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, [the petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Id. (internal citations omitted)).

With regard to the performance prong of Strickland, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would

have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as [retained] counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). As the Eleventh Circuit has ruled, an affirmative showing of prejudice that would undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

The state habeas court correctly stated that, in the context of a guilty plea, the Petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In assessing whether a habeas petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Id.

at 58. Therefore, to succeed in his federal habeas corpus challenge to his state court conviction via a guilty plea entered on the advice of counsel, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

The state habeas court determined that the record indicated that Mr. Chance performed several tasks indicating that he acted as a reasonable lawyer would have acted under the circumstances. (Doc. no. 10, Ex.3, pp. 8-9.) Using the testimony of Mr. Chance from the habeas hearing transcript, the state habeas court found that Mr. Chance: (1) met with Peitioner on many occasions to discuss his case; (2) obtained discovery by the state and reviewed it with Petitioner line by line; (3) was aware of the charges and the State's evidence and discussed them with Petitioner; and (4) had developed a theory of defense. (Id. at pp. 2, 8-9.) In light of these findings, the state habeas court held that Petitioner failed to meet his burden under the first prong of Strickland because he did not show that Mr. Chance's representation fell below an objective standard of reasonableness.

Petitioner has outlined absolutely no reason to conclude that Mr. Chance's performance was deficient or that Petitioner would have gone to trial absent attorney error. Petitioner provides no explanation for his conclusory assertions that Mr. Chance failed to investigate Petitioner's case, or that Mr. Chance did not have all the facts when he advised Petitioner to plead guilty. Simply put, Petitioner provides no reason to second-guess the state habeas court's decision to credit Mr. Chance's sworn assertions that he met with Petitioner on several occasions about his case, obtained discovery from the state and reviewed it with Petitioner, and

was aware of the charges against Petitioner and discussed those charges with Petitioner.

Moreover, Petitioner has not shown that he suffered any prejudice by pleading guilty rather than going to trial. Rather, the record demonstrates that Mr. Chance secured a deal in which the charge of burglary against Petitioner was dropped, and the charge of armed robbery against Petitioner was reduced to robbery by force.[1] (Doc. no. 10, Ex. 4, pt. 2, p. 23.) Under these facts, no prejudice has been shown, and Petitioner's claims lack merit. See, e.g., Jones v. White, 992 F.2d 1548, 1557-58 (11th Cir. 1993).

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 10th day of November, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Examining the transcripts of the plea/sentencing hearing from the court of conviction and the habeas hearing before the state habeas court reveals important information about Plaintiff's connection with the crime including: (1) Plaintiff was supposed to be visiting with his family for a long period of time, but left the same night that the burglary he plead guilty to occurred (Doc. no. 10, Ex. 4, pt. 2, p. 31); (2) physical evidence found at the scene of the crime connecting Plaintiff to the scene including a bicycle with his fingerprints on it and a backpack that belonged to his brother, (Id. at pt. 1, p. 22); (3) statements made by Plaintiff's mother and brother that lead the police to Plaintiff's involvement in the crime (Id.); and (4) Plaintiff was found with $1,174.00 in cash when he arrived in Richmond, Virginia, from Augusta, Georgia by bus- $2,200.00 in cash had been stolen in the burglary (Id. at pt. 2, p. 24).

14