IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STANLEY GODBOLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-121 |
| | ) | |
| BRIAN OWENS, Commissioner, Georgia | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation, to which objections have been filed. The Magistrate

Judge recommended that Petitioner's petition filed pursuant to 28 U.S.C. § 2254 be denied.

Although Petitioner raises multiple objections to the Report and Recommendation, only one

of Petitioner's arguments merits comment.

Petitioner presents an argument for ineffectiveness of his retained counsel, Travers

Chance, that was not previously presented to the Magistrate Judge. (Doc. no. 26, p. 3.)

Petitioner claims that Chance misinformed him so that he was under the impression that the

legality of a statement made by his minor brother, Ray Godbold, to the police could not be

contested. (Id.) Because Petitioner is raising this argument for the first time in his objections

to the Report and Recommendation of the Magistrate Judge, the Court will not give this

argument consideration.[1] See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). As such, Petitioner's objection is **OVERRULED**.[2] Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Further, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[3] Moreover, because there

---

[1] Moreover, although Petitioner did raise the issue in his first habeas petition, that petition was withdrawn and therefore the issue was never actually addressed by the state court. (Doc. no. 16, p. 1; doc. no. 20, Ex. 5, p. 4.) A state prisoner cannot raise a federal constitutional claim in federal court unless that issue has first been properly evaluated in the state courts. See Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992) (stating that the exhaustion requirement applies equally to claims of ineffective assistance of counsel).

[2] The remainder of Petitioner's objections are without merit and are also **OVERRULED**.

[3] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule

are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. <u>See</u> 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this § 2254 is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 21st day of December, 2010, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

11(a) to the Rules Governing Section 2254 Proceedings.